UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,

v.  6:09-cr-48-1

LAWRENCE HUGH MCCULLOUGH, JR., a.k.a. "HUGHY,"

## ORDER

### I. BACKGROUND

On March 19, 2009, Drug Enforcement Administration ("DEA") agents executed a search warrant at Lawrence Hugh McCullough, Jr.'s ("Defendant") residence, seized a 2002 Cadillac Escalade, among other assets, and began forfeiture proceedings. *See* Doc. 936 at 5. The DEA sent Defendant a forfeiture notice on April 16, 2009. *See* Doc. 936-1 at 3. This notice warned that any claim contesting forfeiture was due by May 21, 2009. *See id.* Defendant contested forfeiture five days late on May 26, 2009. *See* Doc. 936. As a result, the vehicle was administratively forfeited on July 8, 2009. *See* Doc. 936-2.

Defendant and thirty-three associates were indicted on June 4, 2009. *See* Doc. 1. Defendant pled guilty a year later to conspiracy to possess with intent to distribute, and to distribute, crack, powder cocaine, marijuana, and ecstasy on June 8, 2010. *See* Doc. 650. On that same date, and eleven months after his 2002 Cadillac Escalade was forfeited, Defendant executed a plea agreement with the government. *See* Doc. 806. Defendant agreed *inter alia* to the forfeiture of $55,000, a 2002 BMW 745i, a 1994 Ford Mustang, a 2005 Chevrolet Avalanche, and a 2002 Cadillac Deville. *See* Doc. 806 at 10-12.

Six months after he was sentenced, McCullough filed a "Motion for Dismissal of Forfeiture Claim or, in the Alternative, Motion for Evidentiary Hearing." *See* Doc. 934. Defendant argues that because his 2010 plea agreement did not list the Cadillac Escalade, the government breached his plea agreement when it seized and sold that vehicle in July 2009. *See* Doc. 934 at 7-10.

The Government responded on May 26, 2011. McCullough has filed a motion for a thirty day extension of the time allowed to reply to the government's response to his motion. *See* Doc. 937.

### II. EXTENSION OF TIME

The Magistrate Judge's scheduling order in this case allows the government 10 days to respond to any defense motion, but does not provide Defendant any right to reply. *See* Doc. 216. Neither the Local Rules, nor the Federal Rules of Criminal Procedure provide such a right either. Moreover, Defendant waited two weeks to notify the Court of any intention to reply. Defendant's motion for a thirty day extension to reply, *see* Doc. 937, is ***DENIED***.

### III. FORFEITURE

If an individual fails to timely contest an administrative forfeiture, he may not later contest it on the merits. *See* 21 C.F.R. § 1316.80; *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005). The only avenue still available to Defendant to contest the July 2009 forfeiture is an 18 U.S.C. § 983(e) motion to set aside the forfeiture due to insufficient notice.

But Defendant does not claim that the government failed to provide sufficient notice, *see* Doc. 934, and any claim would be unavailing due to the government's demonstrated service on three addresses and Defendant's actual notice of the forfeiture as shown by his belated attempt to contest it. *See Mesa*, 417 F.3d at 1196-97 ("The notice necessary to satisfy due process requires only that interested persons be given notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (internal quotation omitted); *see also* Docs. 936, 936-1.

Defendant's "Motion for Dismissal of Forfeiture Claim," *see* Doc. 934, is ***DENIED***.

## IV. PLEA AGREEMENT BREACH

Defendant also alleges that the government's July 2009 forfeiture of his Cadillac Escalade breached the parties' June 2010 plea agreement. *See* Doc. 934.

Defendant argues that because the government did not include his 2002 Cadillac Escalade on the list of agreed forfeitures in his plea agreement, *see* Doc. 806 at 12, it breached the deal by not seeking to reverse the forfeiture and sale of the vehicle that occurred almost a year prior. *See* Doc. 934. But Defendant does not allege that the government ever promised to attempt to re-acquire the vehicle for him, nor does the plea deal indicate any such agreement. *See* Docs. 806, 934.

The Defendant has not plausibly plead a government breach of the plea agreement. Defendant's "Alternative Motion for Evidentiary Hearing," *see* Doc. 934, is ***DENIED***.

This 20th day of June 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA